(No. 96-CC-4213-

Economy Currency Exchange, Inc., Claimant, *v.*
The State of Illinois, Loleta A. Didrickson,
Comptroller, Respondents.

*Order filed September 3, 1997.*

Scott A. Slutsky & Assoc., for Claimant.

James E. Ryan, Attorney General, for Respondents.

## ORDER ON SUMMARY JUDGMENT

Epstein, J.

This is a $15,170 claim on a $15,170 State warrant issued in 1995 that was dishonored by the Treasurer due to a "stop order" issued by the Comptroller. Claimant is a currency exchange that cashed the warrant for the payee, a State contractor. Claimant seeks to enforce the warrant as a holder in due course under Article 3 of the Uniform Commercial Code (810 ILCS 5/3—101 *et seq.*) (the UCC), notwithstanding the stop payment order.

This claim is before us on the Claimant's motion for summary judgment, supported by an affidavit of the Claimant's manager and the warrant (#4546781, issued

September 29, 1995). The Respondents have made no response to the motion and have not filed a departmental report, despite this Court's directive of February 7, 1997.

The Respondents have shown an irresponsible and cavalier disregard for the rights of citizens as well as for the process of this Court. It is indefensible and almost inexplicable for two agents of the State government to fail or refuse for almost two years to disclose the reason, if any, for this $15,170 stop payment order and its source (which presumably lies in the Comptroller's office or in the Department of Central Management Services, the paying agency), despite innumerable requests from the Claimant and an order of this Court.

In these circumstances, the Respondents have earned a default. At a minimum, the Claimant is now entitled to a decision on the basis of the undisputed but obviously incomplete record before the Court. This we shall do. But this Court will not impose a full default.

We will review the legal issues presented by Claimant's motion, insofar as it claims entitlement to payment on the basis of (1) the warrant instrument and (2) Claimant's status as a transferee or holder or holder in due course resulting from the undisputed facts of Claimant's purchase and acquisition of the warrant instrument from the payee. That entitlement issue has not previously been the subject of this Court's review. And, surprisingly, we have not found any decision on the UCC status of a State warrant by any Illinois court of record.

The ultimate issue in this case is whether the Claimant's asserted status as a holder in due course, or any lesser status under the UCC, trumps the "stop order" issued by the Comptroller. The rights, if any, attaching to the instrument itself, and the Claimant's status as the

assignee and possessor—or, in UCC terms, as a transferee and holder—of the instrument, depends in the first instance upon whether the State warrant is a negotiable instrument under the UCC. That is a question of law governed primarily by section 3—104 of the UCC, which establishes which writings are negotiable instruments.

On this threshold issue, we conclude that a State warrant is a negotiable instrument under section 3—104 of the UCC. A warrant is an order by the Comptroller on the State Treasurer to pay a sum certain "to the order of" a named payee. The Treasurer's role as custodian of State funds, and the Comptroller's role as chief payment officer who "orders the payment of funds into and out of the Treasury" are, of course, established in the first instance by our Constitution (Ill. Const. (1970), art. V, sec. 17 (Comptroller) sec. 18 (Treasurer).) As a signed order for the payment of a sum certain of money, the warrant is a "draft"—a form of negotiable instrument—within the terms of section 3—104 of the UCC (810 ILCS 5/3—104), which provides:

"§3—104. Negotiable Instrument.

(a) Except as provided in subsection (c) and (d), 'negotiable instrument' means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges, described in the promise or order, if it:

(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) is payable on demand or at a definite time; and

(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of any obligor."

It is clear and undisputed that there was a "transfer" of the warrant from the payee to the Claimant, and that

the warrant, on its face payable to the payee, was "negotiated" to the Claimant as it was endorsed by the payee. (See sections 3—201 and 3—203 of the UCC.) Accordingly, the Claimant is at a minimum the transferee and holder of the warrant for purposes of the UCC.

It is unnecessary for us to carry the analysis further and to determine if this Claimant is a holder in due course as it contends. As a transferee, the Claimant succeeds to the rights of the transferor—the payee—to enforce the warrant. (See section 3—203 of the UCC.) As a holder of the warrant, the Claimant has its own right to enforce the instrument according to its own terms. (See section 3—301 of the UCC.) Because the alleged "stop order" is unexplained and unjustified on this record, there is no defense presented to the Claimant's right, as its holder, to enforce the warrant instrument.

We do not need to, and do not, address the issue of whether the undocumented stop order (which is before us only because the Claimant has alleged it) might be a defense to a claim by the original payee. Similarly, we need not and do not determine whether the Claimant is a holder in due course. Although that status or lack thereof could be dispositive in some cases, depending on the defenses that are advanced, in this case there are no defenses advanced and it is thus sufficient to our ruling on this claim to hold as we do that the Claimant became a holder of the warrant and is entitled to enforce it.

For these reasons, this claim is allowed, and summary judgment is granted in favor of the Claimant and against the Respondents.

Claimant is awarded the sum of $15,170 in full satisfaction of this claim.